**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLLE DIVISION**
**1:19-cv-115-MOC-WCM**

| | |
|---|---|
| EARL B. HUNTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| BACKGROUND INVESTIGATION ) | |
| BUREAU, LLC, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand to State Court. See (Doc. No. 6).

**I.     BACKGROUND**

On February 11, 2019, Plaintiff Earl B. Hunter, Jr., filed this action in Transylvania County Superior Court, alleging a state law claim for defamation per se against Defendants Background Investigation Bureau, LLC, and Syntracorp, LLC (formerly known as Background Investigation Bureau, LLC). (Doc. No. 1-1). Paragraph 24 of the Complaint also alleged:

> 24. In the alternative, to the extent that FCRA has any applicability to the actions of Defendants BIB, BIB's publication of false statements regarding [Plaintiff] was grossly negligent, reckless, malicious, wanton or otherwise actionable.

(Doc. 1-1 at ¶ 24).

On April 5, 2019, Defendants removed Plaintiff's action to this Court, citing federal question jurisdiction. (Doc. 1 at ¶ 6). Defendants state that they removed the action based on an "alternatively pled FCRA claim" in Paragraph 24 of Plaintiff's Complaint. Plaintiff now brings

1

the pending motion to remand, contending that he intended to bring a state law defamation claim only and that he included Paragraph 24 only in the event that Defendants relied on a federal statute as a defense to his state law defamation claim. More specifically, Plaintiff explains in the motion to remand that Paragraph 24 makes an allegation of willfulness or malice to support the legal conclusion that the FCRA's preemption provision is not triggered even if the FCRA does have some applicability to Defendants' conduct. (Compare Doc. No. 1-1 at ¶ 24 with 15 U.S.C. § 1681h(e)).[1] Plaintiff explains, therefore, that Paragraph 24 was intended to plead the Complaint out of the FCRA's preemption provision to make clear that Plaintiff's state law defamation claim is actionable even if the FCRA has applicability to Defendants' conduct.

**II.   DISCUSSION**

As noted, Defendants removed this action from state court based on federal question jurisdiction under 28 U.S.C. § 1441(a), which provides that a defendant may remove an action if the plaintiff's complaint alleges a federal cause of action. See Owen v. Carpenters' Dist. Council, 161 F.3d 767, 772 (4th Cir. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A case is not removable on the basis that a defense implicates a federal question—even if that defense is

---

[1] As part of that protection, the Act provides a federal cause of action for consumers who allege that they have been harmed by a credit reporting agency. Coordinate with providing this cause of action, the FCRA preempts "any action or proceeding in the nature of defamation ... with respect to the reporting of information against any consumer reporting agency ... based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

2

anticipated in the Plaintiff's complaint.  See id.

"The mere mention of a federal statute in the course of setting forth state-law claims does not confer federal jurisdiction."  Martin v. Lagualt, 315 F. Supp. 2d 811, 814 (E.D. Va. 2004).  "When a claim arises under state law, 'federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state law claims.'"  Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983)); Swecker v. Trans Union Corp. 31 F. Supp. 2d 536, 538 (E.D. Va. 1998) ("Because the FCRA explicitly declines to replace all state causes of action or to provide exclusive jurisdiction in the federal courts, and fails to reflect clearly an intent to make claims removable . . . it does not provide for the removal of state law claims.").

The Court will remand this action to state court, as Plaintiff has made clear that his only claim in the Complaint is a state law defamation claim.  This action, therefore, clearly belongs in state court.  R. H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO, 336 F.2d 160, 165 (4th Cir. 1964) (noting that federal courts "uniformly have held that libel and slander actions are to be governed by the substantive law of the state in which the torts allegedly occur"), aff'd, 382 U.S. 145 (1965); Richardson v. F.B.I., No. CA 4:11-10-RBH-SVH, 2011 WL 1428968, at *3 (D.S.C. Mar. 8, 2011), report and recommendation adopted, No. 4:11-CV-00010-RBH, 2011 WL 1429101 (D.S.C. Apr. 13, 2011) (stating that "it is well-settled that defamation is a state law cause of action and it cannot form the basis of federal question jurisdiction"); Vander Linden v. Wilbanks, 128 F. Supp. 2d 900, 904 (D.S.C. 2000) ("The Fourth Circuit has found that libel and slander claims are state law claims and, absent diversity jurisdiction, should be heard by state courts.").

Finally, Plaintiff's request for attorney's fees will be denied.

3

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (Doc. No. 6), is **GRANTED**, Plaintiff's request for attorney's fees is denied, and this action is remanded to state court.

Signed: June 28, 2019

Max O. Cogburn Jr
United States District Judge